### The STATE of Ohio, Appellee,

#### v.

### WARD, Appellant.

[Cite as *State v. Ward* (1992), 86 Ohio App.3d 4.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005330.

Decided Dec. 23, 1992.

*Gregory A. White,* Lorain County Prosecuting Attorney, for appellee.

*Hollace B. Weizel,* for appellant.

CACIOPPO, Judge.

Jerry Michael Ward, defendant-appellant, was convicted of domestic violence after a trial. During the bench trial, two children, ages three and four, testified. Before allowing the children to testify, the court examined each child to ensure that each was competent to testify. Ward appeals, asserting two assignments of error. We affirm.

### Assignment of Error I

"The trial court erred to the prejudice of appellant, and in violation of rights conferred by Article I, Section 10 of the Ohio Constitution, the Sixth and Fourteenth Amendments to the United States Constitution, and Evid.R. 601,

when it found a four-year-old witness and three-year-old witness competent to testify."

Appellant asserts in his first assignment of error that the trial court erred by allowing a four year old and a three year old to testify. We do not agree.

The Supreme Court of Ohio recently set forth the standard to be applied by a court to determine whether a child under ten years of age is competent to testify:

"In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier* (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, syllabus, certiorari denied (1992), —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629.

It is the duty of the trial court to examine a child under ten to determine the child's competency to testify. *Id.* at 250–251, 574 N.E.2d at 486–487. If the court determines that the child is competent to testify, then the presumption of incompetence of the child witness imposed by Evid.R. 601 is overcome and the child may testify.

The determination of a child witness' competency is within the sound discretion of the trial court. *Frazier*, 61 Ohio St.3d at 251, 574 N.E.2d at 487. The court has the opportunity to observe the child's appearance, manner of response to questions, demeanor, and indicia of ability to relate the facts accurately and truthfully. *Id.* Therefore, it is the responsibility of the court to determine through questioning whether the child witness is capable of receiving just impressions of facts and events and to accurately and truthfully relate them. *Id.*

In the case at bar, the trial court conducted *in camera* examinations of both children. Following the examinations, the trial court found both children to be competent to testify. After reviewing the record, we find that the trial court did not err in so finding.

The record reflects that both children were able to testify truthfully. The trial court questioned both children extensively before determining that they could testify. The responses of the children were appropriate given their young age.

Therefore, after reviewing the record, we find that the trial court did not abuse its discretion by allowing the children to testify.

The first assignment of error is not well taken.

### Assignment of Error II

"The trial court erred to the prejudice of appellant, and in violation of Crim.R. 29(A), Article I, Section 10 of the Ohio Constitution, and the Due Process Clause of the United States Constitution, when it denied appellant's motion for acquittal."

Appellant asserts in his second assignment of error that the trial court erred by overruling his Crim.R. 29 motion for acquittal. We do not agree.

The standard we apply when determining whether a Crim.R. 29 motion for acquittal should have been granted is to determine whether the evidence was such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. After reviewing the evidence presented in the case at bar, we find that the trial court properly denied appellant's motion for acquittal. The evidence presented indicates that Ward did knowingly cause physical harm to a family member, in violation of R.C. 2919.25(A). Therefore, the court did not err by denying Ward's motion.

The second assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.