OPINION
Defendant-appellant Roland Bluford appeals the jury verdict finding him guilty of three counts of rape in violation of R.C.2907.02.
Defendant was indicted on three counts of rape. The indictment further specified the victim was under the age of thirteen and force was used in the commission of each offense. Defendant was arraigned and pleaded not guilty. He was found to be indigent and was assigned legal representation by the Cuyahoga County Public Defender's Office. On August 8, 1998, the case proceeded to trial.
Plaintiff-appellee State of Ohio presented the victim as its first witness. The victim testified defendant was her mother's boyfriend and he moved in to her family's apartment in 1990, when she was nine years old. The victim stated her mother worked two jobs so defendant would be left alone with her and her five year old sister on many occasions. She said the first time defendant touched her was during the day and he rubbed his hand over her vagina a couple of times. The victim said the next time defendant touched her was the first night they spent in their new house. She said there was no furniture in the new house and it was just defendant, her, and her sister. The victim stated defendant "leaned up and put his finger in my pants and my panties and put it inside my vagina." She said she did not inform on defendant because she was afraid of him. The victim testified another incident occurred when she was in her mother's bedroom. She said defendant put "his finger inside of my vagina, then it was his mouth." The last incident the victim discussed took place on her mother's bedroom floor. She said defendant "took his penis out, out of his boxer shorts, and I was laying on the floor and he put it up against my vagina and it wouldn't go in." The victim again stated she did not tell anyone about these incidents because she afraid of defendant. She testified she was afraid "he was going to try to hurt her [mother] or my sister."
Defendant testified on his own behalf and stated he lived with the victim's mother from August, 1990 to November, 1991, the time at issue. Defendant stated he never touched the victim's vagina, never pulled her pants down, and never presented his penis to her mouth. He stated he thought he had a good relationship with the victim and her sister. Furthermore, defendant said he never disciplined the two girls and knew of no reason why the victim would make up such a story.
After the jury returned a verdict of guilty as to the three counts of rape, defendant timely filed his notice of appeal. On appeal, defendant presents four assignments of error. In his first assignment of error, defendant states as follows:
 THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO PROTECT HIS RIGHTS AT AND BEFORE TRIAL.
Defendant claims he was rendered ineffective assistance of counsel based on three arguments: (1) counsel failed to investigate the possibility of entering into a plea agreement, (2) counsel caused extreme prejudice by introducing testimony of prior police calls and evidence regarding a prior assault by defendant, and (3) counsel failed to use a peremptory challenge so as to exclude a juror who admitted to being sexually molested.
To prevail on a claim of ineffective assistance of counsel, a defendant must show, first, that "counsel's performance was deficient" and, second, that "the deficient performance prejudiced the defense. * * * [C]ounsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687. A Sixth Amendment violation does not occur "unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989),42 Ohio St.3d 136, 142. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of trial would have been different." Id. at paragraph three of the syllabus.
When considering a claim of ineffective assistance of counsel, a court must indulge in a presumption that the challenged action might be sound trial strategy; thus judicial scrutiny of counsel's performance must be highly deferential. State v. Bird
(1998), 81 Ohio St.3d 582.
First, defendant argues counsel was ineffective for failing to investigate the possibility of negotiating a plea bargain with the State. He claims he was prejudiced by this inaction because he probably could have negotiated a sentence of well under ten years in contrast to the three consecutive terms of life in prison that he did receive. In support, defendant cites from the trial transcript where the prosecutor stated:
 "There has been no plea offer for the reason that there's no indication to me that the Defendant is willing to plead to something. I have expressed to Mr. King that if the Defendant were willing to negotiate as far as a plea offer, I would meet with the family and discuss it with them. But I have not done it because there was no indication."
After the above statements were made by the prosecutor the trial court asked counsel if there was any desire to enter into a plea agreement. Counsel responded "[Y]our honor, that was my understanding. If I might have just a moment." Counsel then went off the record, presumably to confer with defendant, and his next response was "[T]hat is our position." Since counsel said that is "our" position, this means he and defendant discussed the ramifications of a plea bargain but voluntarily chose not to enter negotiations with the state. Defendant cannot now blame counsel for an error based on a voluntary choice he made not to plea bargain. As a result, this argument is without merit.
Second, defendant argues counsel was ineffective for questioning the victim's mother regarding whether she called the police on him. He also claims counsel was ineffective for failing to object to testimony concerning a prior assault he committed. The victim first admitted she was raped when the police were called as a result of an argument she was having with her mother. On cross-examination, the victim admitted she called the police on her mother because she was angry with her mother and she also called on a prior occasion because her mother gave her a "whuppin." During cross-examination of the mother, counsel asked if she had ever called the police based on something defendant had done. The mother responded "[Y]eah." On re-direct, the prosecutor then asked the mother why she called the police on defendant and the mother testified because defendant had beaten her. Then on re-cross examination, counsel's final question to the mother was when the police were called because of defendant was the victim around. The mother responded "I think so."
This line of questioning by counsel was a defense strategy to show the victim was angry at her mother the day she admitted to being raped and she called the police based on this anger. Counsel was attempting to establish reasonable doubt that the victim's confession was a result of anger directed towards her mother, and not based on defendant raping her. In addition, counsel was attempting to establish a behavioral pattern that the mother called the police every time she was angry with defendant. The victim witnessed this behavior and, when she was angry, she called the police and said defendant raped her. This line of questioning was merely trial strategy and does not show counsel's performance was deficient.
As to counsel's failure to object to the mother's testimony that defendant assaulted her, the record shows the mother testified defendant struck her but she did not press charges against defendant. Defendant was never charged or convicted of assault. However, defendant claims counsel should have objected because the mother's testimony concerning this incident was not relevant and was highly prejudicial. Defendant does not explain how the admittance of this testimony prejudiced him. Moreover, we find it was relevant because on re-cross examination completed just prior to the mother discussing this incident, the mother was asked whether she called the police on defendant. This subsequent testimony was a further explanation of the question that was asked by counsel. Thus, we find it was relevant and there was not a sufficient basis for counsel to object.
Third, defendant claims counsel rendered ineffective assistance of counsel in failing to use a peremptory strike to remove juror #22 who admitted to being molested by her step-father. The record shows, during voir dire, this juror admitted she was molested by her step-father between the ages of twelve and sixteen. The juror was then questioned by the trial court, the prosecutor, and counsel and she stated on three different occasions that she could be fair and impartial. The juror also stated she could exclude everything that happened to her and make a determination in this case. After questioning the juror, counsel made the following challenge:
 "* * * Her answers to the questions regarding whether or not she can be fair and impartial in light of her truly tragic past and history of sexual abuse, not only of her but of her — many of her close relatives in situation which was virtually identical to this one, with a stepparent as the accused individual, where the reporting was not for years, I think is just simply incredible for the Court to believe and, therefore, I'd ask that that (sic) juror be excused for cause. Thank you."
The trial court denied the challenge stating:
 "I was watching the potential juror as she was being questioned. I think her — my take on it is that her answers were honest and I think she has sadly recognized that these are individual cases and that her case is different from this. Obviously she's very comfortable in discussing the fact that she was sexually abused and that her siblings were as well.
 So she did answer appropriately. She said she can place the history behind her and sit and listen to this case fairly. So your motion for cause is denied."
After counsel's challenge for cause was denied he did not make use of a peremptory challenge. However, the use of peremptory challenges is a matter of strategy. Debatable trial tactics do not constitute ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49. Thus, counsel's failure to use a peremptory challenge does not amount to ineffective assistance of counsel. Defendant's first assignment of error is overruled.
Defendant's second assignment of error states as follows:
 THE TRIAL COURT ERRED BY INSTRUCTING THE JURY THAT FORCE IS AN ESSENTIAL ELEMENT OF THE CRIME OF RAPE OF A MINOR.
Defendant argues the trial court committed plain error in instructing the jury on three occasions it must find that force was used before defendant could be found guilty of rape. He claims the result of the erroneous instructions is that the jury was not given the option of convicting him of rape without the use of force. Defendant claims he was prejudiced by this error because a rape conviction without a finding of force is a first degree felony with a sentence of three to ten years. In comparison, a rape conviction of a minor under the age of thirteen with a finding of force yields a life term of imprisonment.
Initially, we note defendant did not object to the giving of the jury instructions. Therefore, we must proceed under a plain error standard of review. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon (1995), 102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.State v. Waddell (1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips (1995), 74 Ohio St.3d 72, 83.
Defendant was charged with three counts of rape of a minor by compelling her to submit by the use of force or threat of force in violation of R.C. 2907.02. This code section, in pertinent part, states as follows:
 "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows-the age of the other person.
* * *
 (2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
 (B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."
In State v. Lewis (1993), 67 Ohio St.3d 200, the Supreme Court of Ohio stated that "[a] jury instruction must be viewed in the context of the overall charge rather than in isolation." Id., citing paragraph four of the syllabus of State v. Price (1979),60 Ohio St.2d 136.
With this in mind we find the trial court did not err by instructing the jury in the instant case. Defendant complains the following portions of the jury instructions indicated to the jury they must find that force was used before he could be found guilty of rape:
 "* * * Before you can find the Defendant guilty, you must find that beyond a reasonable doubt that on or about March of 1991 until February of 1992 * * * [defendant] engaged in sexual conduct with [the victim], not his spouse, by purposely compelling her to submit by the use of force or threat of force, [victim] being under the age of 13 years, to wit between nine and ten years of age."
* * *
 "Purpose to compel another to submit by the use of force or threat of force is an essential element of the crime of rape."
* * *
 "It must be established in this case that, at the time in question, there was present in the mind of Defendant a specific intention to compel another to submit by the use of force or threat of force."
After giving the above instructions, the trial court informed the jury that if they found defendant guilty of rape they would continue deliberations and "make an additional finding as to whether the Defendant used force or threat of force." Also, the trial court stated if defendant was not found guilty of rape further deliberations as to a finding of force would not be required. Subsequently, the trial court reviewed the jury forms. The forms included a form for finding defendant guilty of rape and a separate form for a finding as to the use of force. The trial court read each form, noting if Defendant is found guilty of rape on the first form, the jury is then to consider and complete the second form which includes the threat of force.
Admittedly, the trial court should not have instructed the jury that force was an element of rape. Because the crime charged' was statutory rape, force was not an element, just a sentence enhancer. If anything, however, this error made the state's burden of proof greater, for it injected an additional element into the offense. In other words, instead of proving only that penetration had occurred in a child thirteen years or younger, the court's instructions arguably told the jury it must additionally find that force occurred and if that element was not present based upon the evidence, it could acquit.
In any event, there is no question that the jury properly found that force existed in this case by virtue of the interrogatories it answered. Moreover, the evidence demonstrated that defendant used force in the commission of this crime. See assignment of error number three.
Because force in this case served only to enhance the sentence, not the degree of the offense (rape of a child thirteen years or younger is a first degree felony, the force element could not change that degree of the offense), we see absolutely no prejudice to defendant.
We find there was no manifest miscarriage of justice committed as to the jury instructions and plain error is not present. Furthermore, an aggregate review of the jury instructions indicates the jury was informed that if they found defendant guilty of rape, they were required to make another determination as to whether he used force in the rape. Considering these instructions, the additional forms, and the evidence of force, we feel the jury was correctly instructed. Defendant's second assignment of error is overruled.
Defendant's third assignment of error states as follows:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION AS TO THE USE OF FORCE, WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE THAT FORCE WAS USED.
Defendant argues the state failed to present sufficient evidence to allow the jury to make a finding that force was used. Defendant claims there is no evidence that actual force was used and there is not sufficient evidence to show the alleged victim's will was overcome by fear or duress. He maintains the evidence shows he did not use force: (1) he was not responsible for disciplining the victim, (2) the victim never testified he threatened her, (3) the victim stated on one occasion of alleged abuse she simply walked away from defendant. Based on this evidence, defendant contends the question of the use of force should never have been a jury question and his Rule 29 motion should have been granted.
The standard we apply when determining whether a Crim.R. 29 motion for acquittal was properly denied is this: was the evidence such that reasonable minds could reach different conclusions as to whether each material element has been proven beyond a reasonable doubt. State v. Ward (1992), 86 Ohio App.3d 4,7.
In this assignment of error, the only element of the charge of rape defendant complains about is the use of force. R.C.2907.02(B) describes this element as "[W]hoever violates this section is guilty of rape, a felony of the first degree. * * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."
The issue of the force needed to satisfy R.C. 2907.02(A)(1)(b) and (B) was recently discussed in State v. Dye (1998), 82 Ohio St.3d 323, where the Court held:
 "A person in a position of authority over a child under thirteen may be convicted of rape of that child with force pursuant to R.C. 2907.02(A)(1)(b) and (B) without evidence of express threat of harm or evidence of significant physical restraint."
In support of this holding the Court quoted State v. Eskridge
(1988), 38 Ohio St.3d 56, citing State v. Fowler (1985), 27 Ohio App.3d 149,154, which held the "force need not be overt and physically brutal, but can be subtle and psychological. As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established."
In the present case, the victim stated she was raped on three different occasions. The first time occurred in the family's new house and the victim testified defendant leaned over and put his finger in her vagina. The victim testified she did not do anything because she was scared of defendant. The victim stated she was afraid that if she told on defendant "her mother was going to blame her for it." The second time, the victim stated she was laying in her mother's bedroom floor when defendant put "his finger inside of my vagina, then it was his mouth." The third time occurred in the daytime and the victim testified defendant removed his penis from his underpants and he put it "up against my vagina and it wouldn't go in." After this third time, the victim testified she still did not tell because she "thought that he was going to try to hurt her (mother) or my sister."
This evidence clearly establishes the victim was both afraid of defendant and afraid that if she told on him he would hurt her mother and sister. The victim's will was overcome by fear which establishes the forcible element of rape. Based on this evidence, we find reasonable minds could reach different conclusions as to whether each material element of force was proven beyond a reasonable doubt. The trial court properly denied defendant's Crim.R. 29 motion for acquittal. Defendant's third assignment of error is overruled.
Defendant's fourth assignment of error states as follows:
 THE JURY'S DECISION FINDING THE DEFENDANT GUILTY OF FORCIBLE RAPE WAS NOT SUPPORTED BY SUFFICIENT PROBATIVE EVIDENCE, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE SINCE THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT FORCE HAD BEEN USED.
Defendant argues his conviction on the force specification is not supported by sufficient probative evidence, and is against the manifest weight of the evidence. In support, he cites to the arguments made above and maintains this court must reverse and vacate the findings of the jury regarding the use of force.
App.R. 16(A)(7) states an appellant must present in his brief, his contentions with "respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to authorities, statutes, and parts of the record on which appellant relies." In his fourth assignment of error, defendant does not make a separate argument and does not cite to any authority in violation of App.R. 16(A)(7). However, we will review his assignment of error in light of his earlier made arguments.
When reviewing a claim of insufficient evidence, the test is:
 "* * * whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." State v. Martin (1983), 20 Ohio App.3d 172, 174.
When reviewing a challenge based on the manifest weight of the evidence, the test is:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
As stated previously, the element of force is satisfied under R.C. 2907.02(A)(1) when it is shown that the victim's will was overcome by fear and duress. In the present case, the victim was nine years old at the time the abuse occurred and defendant was forty-five. Defendant was the live in boyfriend of the victim's mother and was responsible for the victim and her sister while the mother worked two jobs. Defendant did not discipline the children but he would tell them what to do around the house.
The victim testified that initially all defendant did was rub his hand on her vagina on the outside of her pants or dress. Then three separate incidents occurred where defendant either digitally penetrated the victim or placed his mouth on the victim's vagina. This abuse continued to take place several times a day. The victim testified she did not tell on defendant because she was afraid of him. She stated she was afraid he would hurt her mother and sister and that her mother would blame her and be angry with her.
It is apparent, from the victim's perspective, defendant was in a position of authority. He was responsible for watching over the victim and her sister and he spent considerable time alone with the two children. The victim was nine and defendant was forty-five. Defendant raped the victim on at least three occasions without any physical or verbal resistance. The victim's will to resist was overcome by her fear of defendant.
Reviewing these facts in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of force, codified in R.C. 2907.01, beyond a reasonable doubt. In addition, after reviewing the entire record, weighing all the evidence and inferences, and considering the credibility of the witnesses, we find the jury did not lose its way and create a manifest miscarriage of justice whereby the conviction must be reversed and a new trial ordered." Defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. ANNE L. KILBANE, J., CONCUR.
 _________________________________ JOHN T. PATTON PRESIDING JUDGE